**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-13172

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MARCO ORLANDO VADO,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cr-60244-PCH-1

————————————

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Marco Vado appeals his sentence of 60 months' imprisonment for illegal re-entry into the United States after being previ-

ously deported.  He argues that his sentence was procedurally un-reasonable because the district court did not adequately explain the upward variance it imposed, as required by 18 U.S.C. § 3553(c)(2).  He also maintains that his sentence was substantively unreasonable because of the district court's emphasis on his understated past criminal conduct.

## I

In reviewing the reasonableness of a sentence, we first con-sider whether the district court committed any significant proce-dural error.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  When reviewing for procedural reasonableness, we ordinarily consider le-gal issues de novo and reviews factual findings for clear error.  *See United States v Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010).  But if the district court affords the defendant an opportunity to object af-ter the imposition of sentence, and the defendant fails to do so, his arguments on appeal are generally reviewed for plain error only.  *See United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998).  Under the plain-error standard, the defendant must show that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights.  If he does so, we should exercise our discre-tion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See Rosales-Mireles v. United States*, 585 U.S. 129, 135 (2018); *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007).

A sentence may be procedurally unreasonable if the district court committed a significant procedural error, such as failing to

consider the § 3553(a) factors or failing to adequately explain its chosen sentence. *See United States v. Harris,* 964 F.3d 986, 988 (11th Cir. 2020) (citing *Gall*, 552 U.S. at 51). A district court's unjustified reliance on a single factor may be a symptom of an unreasonable sentence. *See United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). Although the district court must consider all of the § 3553(a) factors, the weight it places on any single factor is left to its sole discretion. *See United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). When explaining the chosen sentence, the court need only give enough information to show that it had considered the parties' arguments and had a reasoned basis for its decision. *See United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). The district court must state, with specificity, the reason for the imposition of a sentence outside of the guideline range. *See* § 3553(c)(2).

Under the Guidelines, a defendant charged with illegal reentry may have his offense level increased if he engaged in criminal conduct that results in a conviction after he was ordered removed. *See* U.S.S.G. § 2L1.2(b)(3). A ten-level increase applies if, after being removed the first time, the defendant commits a conviction for a felony offense other than illegal reentry for which the sentence was greater than five years. *See* § 2L1.2(b)(3)(A). If the defendant, after removal, commits "any other felony offense" other than illegal reentry, a four-level increase applies. *See* § 2L1.2(b)(3)(D).

Where the district court has announced that it is going to impose an upward variance, determining that the guideline range

was insufficient in light of the defendant's criminal history and the § 3553(a) factors, the court is not required to discuss the other factors for the sentence to be procedurally reasonable, particularly if the only arguments raised at sentencing involved the defendant's criminal history. *See United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009).

Mr. Vado was in criminal history category III and had an advisory sentencing range of 37-46 months. The government requested an upward variance to a range of 70-87 months, but the district court varied upward to a 60-month sentence. That constituted an upward variance of 14 months from the top of the advisory sentencing range.

The district court did not commit procedural error. Its explanation of the sentence was sufficient to explain its decision to impose an upward variance was inadequate. For example, the district court determined that Mr. Vado's criminal history category was "understated," in part because he had been sentenced to probation in state court for the attempted sexual battery of a minor even though there had been actual sexual abuse. *See* D.E. 40 at 13; D.E. 39 at 6. In addition, Mr. Vado's conviction for that attempted sexual battery offense constituted a violation of his probation for an earlier cocaine trafficking violation, yet the revocation sentence ran concurrently with other sentences, and that was unusual. *See* D.E. 40 at 8-9. The district court adequately explained its 14-month upward variance.

## II

After determining whether the district court committed any procedural errors, we determine whether the sentence is substantively reasonable under an abuse-of-discretion standard. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). It is the appellant's burden to show the sentence is unreasonable in light of the record and the § 3553(a) factors. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (citing *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005)). The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation omitted).

The proper factors are set out in § 3553(a) and include the history and characteristics of the defendant, the sentencing guideline range, the need to avoid unwarranted disparities with similar defendants convicted of similar conduct, and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(4), and (a)(6). The district court need not directly discuss or state each factor, as it is sufficient to acknowledge that the defendant's argument and the § 3553(a) factors have been considered. *See Gonzalez*, 550 F.3d at 1324. A sentence imposed well below the statutory maximum is an indication of the sentence's reasonableness. *See United States v. Holt*, 777 F.3d

1234, 1269 (11th Cir. 2015). The district court is also within its discretion to consider any information related to the defendant's "background, character, and conduct" in deciding to impose an upward variance, including the facts underlying prior conduct. *See Tome*, 611 F.3d at 1379 (citing 18 U.S.C. § 3661).

Mr. Vado has not shown an abuse of discretion. The 60-month sentence was substantively reasonable because the district court properly weighed Mr. Vado's criminal history, the arguments of the parties, and the § 3553(a) factors in imposing the sentence. *Cf. United States v. Rosales-Bruno*, 789 F.3d 1249, 1256-57, 1278 (11th Cir. 2015) (panel majority agreeing that 87-month sentence for illegal re-entry, which constituted a 60-month upward variance, was not an abuse of discretion given the defendant's earlier violent crimes).

### III

We affirm Mr. Vado's sentence.

**AFFIRMED.**